IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 05-0321-WS-C** |
| ) | |
| **JUAN ORNELAS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter comes before the Court on a filing by defendant Juan Ornelas captioned "Notice of and Explicit Reservation of All Rights" and "Non-Negotiable Notice of Acceptance" (doc. 730). Both "Notices" consist of unintelligible gibberish.

Ornelas is a federal prisoner who is presently serving a 292-month sentence of imprisonment upon conviction in this District Court for conspiracy to possess with intent to distribute methamphetamine. In his latest filing, Ornelas describes himself as a "Preferred Stock Holder" and "sentient, moral being" who professes his right "not to be compelled to perform under any international maritime/admiralty contract or commercial agreement that [he] did not enter into." Ornelas purports to demand that this Court respond within 3 days, failing which "[d]ishonor will result … which will cause your bond to be transferred by Acceptance-of-lien against your name and shall be registered as such with the State authorities." Ornelas goes on to state that he "fully accept[s] for value your presentment/offer," as a consequence of which he writes, "I request you release me." To emphasize this nonsensical point, Ornelas submits a copy of the Judgment in this case bearing a large stamp reading in part, "Acceptance for Value and returned for value for settlement and closure," and citing various provisions of the Uniform Commercial Code.

Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of "redemption") have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration. *See, e.g., Luster v.*

*United States*, 2010 WL 3927786, *2 (M.D. Ga. Apr. 13, 2010) ("Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty."); *Marshall v. Florida*, 2010 WL 1248846, *1 n.2 (S.D. Fla. Feb. 1, 2010) ("Redemption is an anti-government scheme that utilizes commercial law to harass and terrorize its targets. It is increasingly popular among prison populations. The theory advocates that an individual can 'redeem' himself through the filing of commercial documents. … Federal authorities have successfully prosecuted perpetrators of these schemes under various criminal statutes.") (citations omitted); *Black v. Florida*, 2009 WL 1605410, *3 (N.D. Fla. June 4, 2009) ("Petitioner's use of language from the Uniform Commercial Code, inapplicable to criminal proceedings, is also unavailing."); *United States v. Joseph*, 2008 WL 3929583, *3 (M.D. Ga. Aug. 21, 2008) (rejecting criminal defendant's pleadings as a "mysterious mix of catch phrases from the Uniform Commercial Code and Maritime Law"); *Jordan v. United States*, 2007 WL 3005326, *4 (M.D. Ga. Oct. 12, 2007) (defendant's "assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence"); *Hardin v. Michigan Dep't of Corrections*, 2007 WL 1975102, *6 (W.D. Mich. Mar. 28, 2007) ("The abusive practice of petitioners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented."); *United States v. Mitchell*, 405 F. Supp.2d 602, 604-05 (D. Md. 2005) (pointing out that such arguments "have been summarily rejected" in criminal cases around the country, inasmuch as "the U.C.C. has no bearing on criminal subject matter jurisdiction" and defendant's arguments are rooted in "the antics and writings of extremists who wish to disassociate themselves from the social compact undergirding this nation's democratic institutions").

In light of these authorities and the obviously baseless nature of Ornelas's filings, any and all requests for relief embedded in his "Notice of and Explicit Reservation of All Rights" and "Non-Negotiable Notice of Acceptance" are hereby **denied**. Ornelas is strongly cautioned not to follow through on his threats to register frivolous liens, UCC notices, or bonds against the undersigned or other state or federal government officials involved in the conviction for which he is now serving a lengthy prison sentence. Should he do so, he may invite prosecution for

obstruction of justice or other and further criminal charges, as did defendants in many of the cases cited above who engaged in similar baseless acts of harassment and intimidation under the guise of the Uniform Commercial Code. *See, e.g., United States v. Talley*, 2007 WL 2208811, *1 (N.D. Fla. July 27, 2007) (federal prisoner indicted for conspiracy and obstruction of justice after filing bonds, default notices and creditor liens pursuant to the UCC against the federal judge and prosecutors involved in his criminal trial).

DONE and ORDERED this 9th day of November, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE